**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:** **Chapter 13**

**Troy R. Marx,** **Bankruptcy No. 18-30163-KAC**

**Debtor**

---

**NOTICE OF PRECONFIRMATION MODIFICATION OF CHAPTER 13 PLAN**

---

To: Gregory Burrell, Chapter 13 Trustee, the U.S. Trustee and all parties in interest:

PLEASE TAKE NOTICE that the Debtor in the above-captioned case has filed a modified Chapter 13 plan.

A confirmation hearing will be held on August 9, 2018 at 10:30 a.m., before Judge Katherine A. Constantine at Courtroom 2C, 2nd floor, 316 North Robert Street, St. Paul, Minnesota.

Any objection to the modified plan shall be delivered not later than 24 hours prior to the time and date set for hearing or mailed not later than August 6, 2018, which is three days before the time set for hearing.

Dated: June 22, 2018

/e/ Nathan M. Hansen

Nathan M. Hansen
Attorney for Debtor
2440 North Charles Street, Suite 242
North St. Paul, MN 55109
651-704-9600
651-704-9604 (fax)
MN Attorney Reg. No. 0328017

Local Form 3015-1 (12/17)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Troy Robert Marx**

Case no.: **18-30163**
CHAPTER 13 PLAN ☑ Modified
Dated: **June 22, 2018**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $__.
2.2 After the date of this plan, the debtor will pay the trustee $ **100.00 *** per **Month** for **36** months beginning in ______ (mo.) of ______ (yr.) for a total of $ **7,950.00** .The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **7,950.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **795.00** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|---|
| | **-NONE-** | | | |
| | TOTAL | | | **$0.00** |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| **6.1** | **Affinity Plus FCU** | **2013 Honda Foreman**<br>**ATV - used primarily to plow long driveway at debtor's residence.** |
| | | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | |
| | TOTAL | | | | | **$0.00** |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| **8.1** | **Wells Fargo Home Mortgage** | **$3,150.79** | **0%** | **$175.04** | **10** | **18** | **$3,150.79** |
| | TOTAL | | | | | | **$3,150.79** |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units)**: The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured Claim | Interest Rate | Begin-ning in month # | | (Monthly payment) | | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | $ | | | | | | |
| | TOTAL | | | | | | | | | | | **$0.00** |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | TOTAL | | | | | | | | **$0.00** |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| **11.1** | **Attorney Fees** | **$1,800.00** | **$180.00** | **1** | **10** | **$1,800.00** |
| **11.2** | **Debbie Scott** | **$0.00** | **$0.00** | **36** | **0** | **$0.00** |
| **11.3** | **Tammi Tallarico** | **$0.00** | **$0.00** | **36** | **0** | **$0.00** |
| | TOTAL | | | | | **$1,800.00** |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | |
| | TOTAL | | | | | **$0.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | *Creditor* | *Interest Rate (if any)* | *Claim Amount* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | |
| | TOTAL | | | | | | **$0.00** |

**Part 14. TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **2,204.21** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00** .

14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **135,363.78** .

14.3 Total estimated unsecured claims are $ **135,363.78** [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **17.1** | ***The plan is a step plan which will pay as follows: $100.00 Monthly for 2 months, then $334.00 Monthly for 5 months, then $60.00 Monthly for 7 months, then $494.00 Monthly for 5 months, then $60.00 Monthly for 7 months, then $494.00 Monthly for 5 months, then $60.00 Monthly for 5 months** |
| **17.2** | The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Property tax claims and income tax claims shall be paid per claim whether filed as priority or secured. All leases of real or personal property by the debtor are hereby assumed pursuant to 11 U.S.C. Sec. 365(a), unless otherwise stated. Property of the estate vests in the debtor upon conversion, dismissal or discharge, whichever comes first.<br><br>Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds. The debtor shall retain any amount attributable to the Earned Income Credit (EIC), if any. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment. Creditors listed in paragraph 5 shall send regular monthly statements to the debtor. |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com 

| Class of Payment | | Amount to be paid |
| --- | --- | --- |
| Payments by trustee's [Part 3] | $ | **795.00** |
| Home Mortgage Defaults [Part 7] | $ | **0.00** |
| Claims in Default [Part 8] | $ | **3,150.79** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 10] | $ | **0.00** |
| Priority Claims [Part 11] | $ | **1,800.00** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **2,204.21** |
| TOTAL (must equal line 2.5) | $ | **7,950.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: **/s/ Nathan M. Hansen**
**Nathan M. Hansen**
Attorney for debtor or debtor if pro se

Signed: **/s/ Troy Robert Marx**
**Troy Robert Marx**
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

(11/14)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
**Troy Robert Marx**

Debtor(s).

SIGNATURE DECLARATION
**(For use in electronically filed cases only)**

Case No. **18-30163**

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:______)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM\ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: **June 22, 2018**

x Troy Robert Marx
Signature of Debtor or Authorized Representative

x ______________________
Signature of Joint Debtor

**Troy Robert Marx**
Printed Name of Debtor or Authorized Representative

______________________
Printed Name of Joint Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:** **Chapter 13**

**Troy R. Marx,** **Bankruptcy No. 18-30163-KAC**

**Debtor**

---

## UNSWORN CERTIFICATE OF SERVICE

---

The undersigned certifies that on June 25, 2018, I served Debtor's Notice of Preconfirmation Modification of Chapter 13 Plan, Modified Chapter 13 Plan, Amended Schedules I & J, Summary of Assets & Liabilities, Local Form 1009, Signature Declaration, Notice of Hearing on Application for Compensation for Attorney for Debtor, Application for Compensation and proposed order via First Class U.S. Mail upon the following parties at these addresses:

See attached.

Dated: June 25, 2018

/e/ Nathan M. Hansen

Nathan M. Hansen
Attorney for the Debtor
2440 Charles Street North, Ste 242
North St. Paul, MN 55109
Attorney Reg. No. 328017
651-704-9600
651-704-9604 (fax)

Label Matrix for local noticing
0864-3
Case 18-30163
District of Minnesota
St Paul
Mon Jun 4 15:44:47 CDT 2018

AFFINITY PLUS
C/O DERRICK N WEBER
3033 CAMPUS DR
STE 250
PLYMOUTH, MN 55441-2662

Wells Fargo Bank, N.A.
c/o: Shapiro & Zielke, LLP
12550 West Frontage Road
Suite 200
Burnsville, MN 55337-2475

St Paul
200 Warren E Burger Federal Building and
US Courthouse
316 N Robert St
St Paul, MN 55101-1465

Affinity Plus Credit Union
235 1st Avenue SE
Cambridge MN 55008

(p)AFFINITY PLUS FEDERAL CREDIT UNION
ATTN BANKRUPTCY DEPARTMENT
175 W LAFAYETTE FRONTAGE ROAD
SAINT PAUL MN 55107-1400

Bob & Janelle Marx
103 East Pleasant Street
Castlewood SD 57223-2038

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Carole Dowling
8001 171st Lane NW
Anoka MN 55303-5585

Dave Gardner
1342 Sherwood
Braham MN 55006-2700

Dave Gardner
1342 Sherwood St
Braham MN 55006-2700

Debbie Scott
c/o Child Support Enforcement
2830 Winkler Ave Ste 112
Fort Myers FL 33916-9301

Harold and Carole Dowling
8001 171st Lane NW
Anoka MN 55303-5585

Joe Whitesock
614 4th St
Thompson ND 58278-4228

John Bowes
2448 195th St
Luck WI 54853-3722

John Bowies
2448 195th Street
Luck WI 54853-3722

Kay Jewelers
PO Box 4485
Beaverton OR 97076-4485

Kohls
P.O. Box 3115
Milwaukee WI 53201-3115

Langer Construction Co
54 Moreland East
West St Paul MN 55118-2495

Langer Construction Co.
54 Moreland Avenue
Saint Paul MN 55118-2495

Legendary Loan Link, Inc.
1339 South Lake Dr
Watertown SD 57201-5451

Midland Funding, LLC
2365 Northside Drive
San Diego CA 92108-2709

Midland Funding, LLC
Midland Credit Management, Inc. as
agent for Midland Funding, LLC
PO Box 2011
Warren, MI 48090-2011

Minnco Credit Union
235 1st Avenue West
Cambridge MN 55008-1528

Minnco Credit Union
235 First Avenue W
Cambridge MN 55008-1528

Robert Beryl Marx
103 East Pleasant Street
Castlewood SD 57223-2038

Synchrony Bank/Lowes
PO Box 965005
Orlando FL 32896-5005

T Mobile/T-Mobile USA Inc
by American InfoSource LP as agent
PO Box 248848
Oklahoma City, OK 73124-8848

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

Tammi Tallarico
40199 Golden Way
North Branch MN 55056-3347

The Bureaus, Inc.
650 Dundee Rd.
Ste 370
Northbrook IL 60062-2757

The Home Depot/CBNA
PO Box 6497
Sioux Falls SD 57117-6497

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

Wells Fargo Bank, N.A.
Attention: Payment Processing
MAC# X2302-04C
1 Home Campus
Des Moines, IA 50328-0001

Wells Fargo Home Mortgage
P.O Box 10335
Des Moines IA 50306-0335

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Nathan Myrum Hansen
Nathan M. Hansen, Attorney at Law
2440 N Charles Street
Suite 24
North St. Paul, MN 55109-3085

TROY ROBERT MARX
1566 RUSH POINT DRIVE CIRCLE WEST
STANCHFIELD, MN 55080-6501

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Affinity Plus FCU
175 W. Lafayette Frontage Rd
Saint Paul MN 55107

(d)Affinity Plus FCU
Attn: Tei P.
175 W Lafayette Frontage Rd
St. Paul, MN 55107

T-Mobile Bankruptcy Team
PO Box 53410
Bellevue WA 98015-3410

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Bob and Janelle Marx
103 East Pleasant Street
Castlewood SD 57223-2038

(u)Capitol One
650 Dundril Road, Ste 370
Northbrook I

(d)Joe Whitesock
614 4th Street
Thompson ND 58278-4228

(d)Legendary Loan Link, Inc.
1339 South Lake Drive
Watertown SD 57201-5451

(d)Wells Fargo Home Mortgage
PO Box 10335
Des Moines IA 50306-0335

End of Label Matrix
Mailable recipients 37
Bypassed recipients 5
Total 42